FILED
JUN 29 00
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PAMELA WILLIAMS,              )
                              )
     Plaintiff,               )
                              )     Civil Action No.
v.                            )
                              )     99-PWG-1960-S
                              )
BEVERLY HEALTH & REHAB        )
SERVICES, d/b/a BEVERLY EAST  )
REHABILITATION,               )
                              )
     Defendant.               )

**ENTERED**

**JUN 2 8 2000**

## MEMORANDUM OPINION

On May 12, 2000, Magistrate Judge Paul Greene, to whom the above styled case is assigned, ordered defendant to produce certain documents which defendant had argued were protected under Rule 26(b)(3), Fed. R. Civ. P., because prepared "in anticipation of litigation." Defendant timely filed objections to part of Magistrate Judge Greene's Order. This court entered an order which set the objections for hearing at its regular motion docket on June 23, 2000. That order also gave defendant until June 14 to file a brief in support of its objections, and plaintiff until June 21 to file a response brief. After reading the parties' briefs and hearing oral argument as to the objections, the court will, by separate order, sustain defendant's objections.

In this court's view plaintiff misreads or wants a

misapplication of Rule 26(b)(3). That Rule states, in pertinent part:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation . . . only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Under this rule if a party seeks discovery of documents that have been prepared by the opposing party in anticipation of litigation, he may obtain the documents **only** upon a showing of substantial need for the documents and undue hardship in obtaining the substance of the documents by other means. However, **even if** a plaintiff makes the required showing of substantial need and undue hardship, the rule nonetheless protects "the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Thus, although the entire subsection commonly is referred to as the "attorney work product" rule, "attorney work product" is a special subset of information that is absolutely protected, **in spite of** a

party's showing of substantial need and undue hardship.

The court's purpose in deconstructing the rule is to explain how the issues in this case have become confused. Plaintiff argues that the documents in question were not prepared "in anticipation of litigation" because they were not prepared by or at the direction of an attorney. This argument misses the point. The problem is partially one of semantics. As is stated above, the rule protects documents prepared "in anticipation of litigation" unless a plaintiff can make a showing of substantial need and undue hardship. Therefore, a court must first determine whether particular documents were prepared "in anticipation of litigation." In cases in which a party is claiming attorney work product protection under this rule, courts routinely consider whether the information has been prepared by an attorney or at the direction of an attorney **as part of determining** whether something was prepared "in anticipation of litigation." Therefore, the standard for determining whether something is prepared "in anticipation of litigation" is different between a case in which the resisting party is claiming attorney work product protection and a case in which the resisting party is claiming that a document has been prepared "in anticipation of litigation" and that the other party has not met her burden.

3

In this case, plaintiff argues that the documents being sought were not prepared "in anticipation of litigation" because they were not prepared by or at the direction of an attorney. This argument is relevant only if defendant is claiming the absolute protection of attorney work product. Defendant in this case is not taking such a position. Rather, defendant is arguing, and, as far as the court can tell, has always argued, simply that the documents were prepared "in anticipation of litigation," and that plaintiff has not made the requisite showing of substantial need and undue hardship. Therefore, the initial question in this case is not whether the documents were prepared by or at the direction of an attorney, but whether the documents were prepared "in anticipation of litigation."

The court respectfully disagrees with the Magistrate Judge's conclusion that the documents at issue were not prepared "in anticipation of litigation." Defendant persuasively argues that the Magistrate Judge's reliance on Chief Judge Clemon's opinion in Barfoot v. The Boeing Co., 184 F.R.D. 642 (N.D. Ala. 1999), is misplaced. In Barfoot, Judge Clemon ruled that documents created in the course of a company's investigation of an **internal** complaint by an employee were **not** prepared in anticipation of litigation, and

4

therefore, ordered them produced. However, the Magistrate Judge's order in the instant case misquotes the pertinent part of <u>Barfoot</u> as pertaining to an **E.E.O.C.** investigation, not to an internal **E.E.O.** investigation. Plaintiff argues that this mistake, even if not a simple typographical error, has no effect on the outcome of this case because the principle is the same: defendant is responding to a complaint **initiated by an employee,** and it is irrelevant whether the complaint is informally made within the company or formally made with the E.E.O.C.

The court disagrees. There is a distinction between responding to an internal complaint and responding to a formal charge of discrimination filed with the E.E.O.C. As most employers are well aware, plaintiffs **must** "exhaust their administrative remedies" by filing a charge of discrimination with the E.E.O.C. before they can file a suit in federal court. Consequently, most employers are also aware that the filing of an E.E.O.C. charge is the first, mandatory step in formal litigation, and thus, documents produced in response to the E.E.O.C. charge cannot be thought of as merely prepared "in the ordinary course of business." While it may be true that the documents at issue contain no information that is necessarily harmful to defendant, the court must decide the first

issue based on the principle of the rule and not the actual content of the documents. Accordingly, the court finds that the subject documents were prepared in anticipation of litigation.

This court is well aware that it must not undertake a *de novo* review of issues of fact resolved by the Magistrate Judge and must give deference to his resolution of disputed facts. The question of whether a particular document was prepared "in anticipation of litigation" is, in this court's opinion, a mixed question of law and fact, and thus entitled to less deference, particularly when the resolution of the dispute was occasioned by what the reviewing court determines to have been a misapprehension of the law. In this case, not only did the Magistrate Judge examine the requested documents *in camera*, but this court also has done so. It is clear to this court that, as a matter of law, the documents were prepared "in anticipation of litigation" within the meaning of Rule 26(b)(3).

The only remaining question is whether plaintiff has demonstrated that she has a substantial need for the documents and that she is "unable without undue hardship to obtain the substantial equivalent of the materials by other means." The court finds that plaintiff has not met her burden in this regard. Having

read the documents, the court determines that plaintiff has no substantial need for them. In fact, the court can see no real reason for defendant to have fought so hard to prevent plaintiff from obtaining the documents except for the important principle involved. The documents in question were written either by Fred Newhart ("Newhart"), Executive Director of Beverly East or by Wanda Hicks ("Hicks"), Director of Nursing at Beverly East. Three of the four documents were addressed to Brett Sams ("Sams"), the Human Resources Manager, and the remaining document contains Hicks' handwritten notes regarding plaintiff's E.E.O.C. allegations. The fact that plaintiff has deposed both Sams and Hicks, combined with the court's knowledge of the content of the documents at issue, satisfies the court that plaintiff has not and, for that matter, cannot demonstrate undue hardship.

By separate order the court will sustain defendant's objections.

DONE this 28th day of June, 2000.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT